# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| FRANKLIN JOE FIELDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV416-027 |
| SAVANNAH MARINE TERMINAL, | ) ) ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

After receiving a woefully deficient Complaint[1] and *in forma pauperis* (IFP) application from *pro se* plaintiff Franklin Fields, the Court ordered him to amend his pleading and submit additional financial information before it would allow this case to proceed. Doc. 3. He filed a new IFP application, but never answered seven specific questions the Court posed. *See id.* at 5-6. To boot, he submitted no amended

---

[1] Fields' statement of claim, in its unaltered entirety:

> Defamation of Character. Stopping me from getting a job at Savannah Marineternal. Reason: wrote Kyle McGinnis a letter about me when I took a urine test for the job an I have a DOT card in my possession from NOVA medical examiner. An I had a case on [illegible] like this befor. Case # CV415-122.

Doc. 1 at 3.

complaint despite a warning that his original stated no claim and would be dismissed in its current form. *Id.* at 2-3. That warning is now reality and his facially frivolous Complaint should be dismissed. Dismissal alone, however, is insufficient to rein in Fields' litigation abuses and unwillingness to follow Court orders.

I. **BACKGROUND**

Fields filed his first federal lawsuit in May 2015, when he sued the Social Security Administration and Westgate Apartments. *Fields v. Social Security Administration*, CV415-122, doc. 1 (S.D. Ga. May 7, 2015) (*Fields I*). He left the statement of claim portion of that Complaint blank, saying only that "the money I over paid I need that back." *Id.* at 5. The Court, as it did in this case, ordered Fields to amend his Complaint and IFP application (it, too, was sorely lacking), but he never did. A dismissal recommendation followed, which the district judge adopted. *See Fields I*, doc. 6.

Fast forward to January 2016, when Fields filed this suit and two others on two consecutive days. *See* doc. 1; *Fields v. Dep't of Treasury*, CV416-026, doc. 1 (S.D. Ga. Jan. 26, 2016) (*Fields II*); *Fields v. Disability Adjudication*, CV416-028, doc. 1 (S.D. Ga. Jan. 27, 2016) ((*Fields III*).

2

All three follow the pattern first established in *Fields I* -- his statements of claims are at most three sentences that shed little light on anything, and he requests that the Court "review this case." *See, e.g.*, doc. 1 at 5. And in all three, the Court once again gave Fields a second chance to fix his complaints and IFP applications. Doc. 3; *Fields II*, doc. 3; *Fields III*, doc. 3. In all three, he failed to do so.[2]

On the same day that he filed his amended (and deficient) IFP applications in this case and in *Fields II* and *III*, Fields filed two more cases. *Fields v. Grove High Sch.*, CV416-062, doc. 1 (S.D. Ga. Feb. 23, 2016) (*Fields V*); *Fields v. Social Sec. Admin.*, doc. 1 (S.D. Ga. Feb. 23, 2016) (*Fields VI*). Unsurprisingly, the *Fields I* pattern reappeared a fifth and sixth time[3] -- despite the Court's *four previous* warnings about his failure to state claims.

---

[2] He submitted new IFP applications in Fields II and III, and in this case, but all three failed to answer the seven financial information questions the Court posed. Doc. 4; *Fields II*, doc. 4; *Fields III*, doc. 4.

[3] *Fields V*'s unaltered statement of claim: "My child was attack in school and had to go to the nurse because blood was coming down his head an no action was taken an these are the same group of people that keep missing with him an pushing him up to provoke him." *Fields V*, doc. 1 at 3.

*Fields VI*'s: "Now they are going to cut me off of my social security income for my son Franklin Omar Jemaurey Fields Jr. from his disability." *Fields VI*, doc. 1 at 3. In both cases, the relief Fields seeks is for the Court to "review this matter." *See, e.g., id.* at 5.

3

## II. ANALYSIS

"Access to the courts is unquestionably a right of considerable constitutional significance," though it "'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). Sometimes, "[c]onditions and restrictions on [a] person's access are necessary to preserve the judicial resource for all other persons." *Id.* "Frivolous and vexatious law suits," like those Fields presses, "threaten the availability of a well-functioning judiciary to all litigants." *Id.*

IFP litigants pose special risks because:

> paupers filing *pro se* petitions are not subject to the financial considerations -- filing fees and attorney's fees -- that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184 (1989); *see also Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge."). Even so, "the propriety of an

4

injunction against IFP filings by a litigant depends on weighing the interest of the court to protect its own jurisdiction to hear meritorious matters against the interest of the IFP litigant presenting his claim for adjudication." *Miller*, 541 F.3d at 1096.

"[B]lanket prohibitions" on future filings do not fare well in this Circuit. *Id.* at 1097 (list of approved devices to screen frivolous IFP filings had one thing in common: no blanket prohibitions). Permitted devices are "limited to restricting improper conduct of the type which the" record indicates the "plaintiff has displayed in the past." *Id.* at 1097 (injunction barring removal of family-law matters to federal court upheld, but sanction prohibiting *pro se* filings vacated) (quotes omitted). "A blanket injunction that prohibits all IFP filings by a given person would be overinclusive; it would screen out legitimate claims of the indigent, even if these claims concerned fundamental interests." *Id.* at 1096. At the same time, it is the Court's duty to protect against any inappropriate consumption of judicial resources. *McDonald*, 489 U.S. at 184.

In all six cases he's filed, Fields has displayed a complete inability to formulate anything resembling a sufficient statement of his claim.

Fed. R. Civ. P. 8(a)(2) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Four times the Court ordered him to amend his complaints and fix their blatant defects. And four times Fields refused, instead filing yet more lawsuits in the same mold. Opportunities to amend and dismissals, then, quite clearly are insufficient to stem the tide of Fields' insubstantial filings.

What's more, addressing his "jiggery-pokery," *King v. Burwell*, 135 S. Ct. 24801 2500 (2015) (Scalia, J., dissenting), has impaired the Court's ability to adjudicate the legitimate claims of other litigants because it has spent time clearing the docket space occupied by plaintiff's "[p]ure applesauce." *Id.* at 2501. Fields' filings -- in particular, his failure to obey four Court orders telling him what he must do -- show a recalcitrance that abuses the IFP privilege and, ultimately, the public. *Cf. Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (prolific frivolous filings drain judicial resources that would otherwise serve litigants with meritorious matters before courts).

Although he retains a right to access federal courts, Fields has no right to abuse them as he has for the past year. Nor can he wantonly

flout the authority of this Court by repeatedly disregarding its express orders. In light of his history of frivolous and vexatious filings -- five of which he filed *after* specific orders to improve his complaints or face dismissal -- and in order to curb further abuse (thus conserving judicial resources for other litigants) while still providing meaningful court access, *see Miller*, 541 F.3d at 1096 (courts must balance their self-interest against a litigant's constitutional court access right), the Court should impose the following restrictions for a period of six months (to run from the date this recommendation is filed) on all civil actions Fields seeks to commence.

1. The Clerk shall receive the papers, open a single miscellaneous file for tracking purposes,[4] and forward the papers to the presiding district judge in this case to determine whether Fields qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a *plausible* claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be dismissed *without any further judicial action*

---

[4] All future filings from Fields will be docketed under that miscellaneous case number, unless the Court orders otherwise as to any particular pleading.

30 days from the date the complaint is received by the Clerk, unless the Court orders otherwise. Thus, although the Court will read and consider any future IFP application and complaint that Fields files within the six months following the date this recommendation is filed, it will not necessarily enter an order addressing the application or complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Fields that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).[5]

2. The Clerk shall not docket any further motions or papers in a case automatically dismissed pursuant to this directive, except for a notice of appeal. Any papers other than a notice of appeal will be retained digitally[6] by the Clerk for appellate and historical purposes only. If a notice of appeal is filed, the Clerk shall forward a copy of the Court's ruling in this case, the notice of appeal, and the dismissed complaint to the Court of Appeals. Fields shall remain responsible for appellate filing

---

[5] Any cases dismissed in this manner may be resubmitted for filing if Fields pays the filing fee.

[6] "Retained digitally" means that the Clerk shall scan and save in an electronic file all papers Fields submits in cases dismissed pursuant to this directive. That file must be accessible to all divisions in this district. After scanning, the Clerk is authorized to destroy the original, paper copy.

8

fees (or he may move this Court for IFP status on appeal, per Fed. R. App. P. 24).

3. To ensure that all future Fields pleadings (submitted within the six months following the date this recommendation is filed) are properly consolidated for review, the Clerk shall advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future Fields complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. These filing restrictions do not apply to any criminal case in which Fields is named as a defendant, or to any proper application for a writ of habeas corpus.

5. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.[7]

Fields' present complaint, however, should be **DISMISSED** for failure to obey a Court Order. *See* Fed. R. Civ. P. 41(b); L.R. 41(b)

---

[7] Similar restrictions have proved effective in four other serial filer cases. *See Hurt v. Zimmerman*, CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015); *Brewer v. United States*, CV600-140, doc. 107 (S.D. Ga. Aug. 25, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443 at * 1 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Long*, 2014 WL 3888124 at * 3-4 (S.D. Ga. Aug. 6, 2014).

("Willful disobedience or neglect of any order of the Court," merits *sua sponte* dismissal of any action); *see Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order); *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir.1987) (district court has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice). All future civil actions Fields seeks to file within the six months after the date this recommendation is filed will be subject to these restrictions.[8]

**SO REPORTED AND RECOMMENDED** this __26__ day of February, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[8] Once these restrictions expire, Fields must ensure that any future litigation he commences follows the Federal Rules of Civil Procedure and this Court's Local Rules (both of which can be found online). If he does not, the Court will not hesitate to re-impose these restrictions for a longer duration.